IN THE UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF MISSOURI

| | |
|---|---|
| IN RE: ) | |
| ) | |
| TIMOTHY KENT JOHNSON and ) | |
| MIEKO YAMADA JOHNSON, ) | Case No. 13-20542-drd-7 |
| ) | |
| Debtors. ) | |
| ) | |

**MEMORANDUM OPINION**

This matter comes before the Court on the motion of the United States Trustee to dismiss this case pursuant to 11 U.S.C. § 707(b)(3)(B). The Court has jurisdiction over this motion pursuant to 28 U.S.C. §§ 1334(b), 157(a) and 157(b)(1). This is a core proceeding which this Court may hear and determine pursuant to 28 U.S.C. § 157(b)(2)(A). The United States Trustee argues this case should be dismissed based upon the totality of the Debtors' financial circumstances. Specifically, she claims that utilizing all of their income, including income derived from Social Security, they could pay 100% of their non-priority unsecured debt. The sole issue before the Court is whether it should reconsider its previous ruling in *In re Booker*, 399 B.R. 662 (Bankr. W.D. Mo. 2009) that such income can be considered in assessing the totality of the circumstances and a debtor's ability to pay when ruling on such a motion. The following constitutes my Findings of Fact and Conclusions of Law in accordance with Rule 52 of the Federal Rules of Civil Procedure made applicable to this proceeding by Rules 7052 and 9014(c) of the Federal Rules of Bankruptcy Procedure. For the reasons set forth below, the Court concludes that reconsideration of the holding in *Booker* is appropriate and that the Court should not consider Social Security income in assessing the totality of a debtor's financial

1

circumstances when ruling on a motion to dismiss pursuant to § 707(b)(3)(B).  For that reason, the Court denies the United States Trustee's motion to dismiss.

## I.    FACTUAL AND PROCEDURAL BACKGROUND

The relevant facts are limited and are subject to a stipulation between the parties.  The Debtors filed an Amended Schedule I which shows that their income is comprised of $3,380.00 in gross wage income, $1,110.63 in retirement benefits, $129.00 in VA disability benefits and $940.00 in Social Security income.  After certain deductions, Debtors have net monthly income of $4,470.43 with which to pay their monthly expenses. The Debtors' Amended Schedule J shows actual and necessary expenses of $4,020.60 per month.  Debtors admit that with the inclusion of their Social Security income, they would have $426.83 in net monthly income with which to pay creditors.  The Debtors have unsecured nonpriority debt in the amount $34,447.00 and no priority unsecured debt.  The parties agree the Debtors are eligible to be Debtors under Chapter 13 of the Bankruptcy Code.  The United States Trustee does not challenge the good faith of the filing pursuant to § 707(b)(3)(A).

## II.    DISCUSSION AND ANALYSIS

The United States Trustee claims the Debtors have sufficient net monthly income to pay 100% of their nonpriority unsecured debt.  Debtors rejoin that they could not do so without contributing Mr. Johnson's Social Security benefits and contend that they should not be compelled to do so.  The United States Trustee points out that this Court previously considered this very question in *Booker* and held that the Court may consider such income in analyzing a debtor's ability to pay and the totality of the debtor's financial circumstances pursuant to a motion brought under § 707(b)(3).  Debtors urge this Court to reconsider its holding in *Booker* based primarily on the subsequent decisions of the Eighth Circuit in *Carpenter v. Ries*, 614 F.3d

2

930 (8th Cir. 2010) and the Eighth Circuit Bankruptcy Appellate Panel in *Thompson v. Fink (In re Thompson)*, 439 B.R. 140 (8th Cir. B.A.P. 2010). Debtors contend that it is appropriate for this Court to consider what would transpire in a hypothetical Chapter 13 case and further argue that they could not be required to use their Social Security income to fund a Chapter 13 plan because Social Security income is excluded from the definition of current monthly income and the Debtors' failure to contribute such income to fund the plan could not be challenged on good faith grounds based upon the ruling in *Thompson*. Debtors suggest it would be a pointless act to deny them relief under Chapter 7 when they could not be compelled to pay their unsecured creditors anything in a Chapter 13 case.

In *Booker*, this Court held that it could consider the debtor's Social Security income in assessing the totality of the financial circumstances on a motion to dismiss under § 707(b)(3)(B). In so holding, the Court observed that although Social Security income was specifically excluded from the definition of current monthly income, it was not so excluded anywhere in § 707(b)(3) and that such income was part of the totality of the debtors' financial circumstances. Whether the provisions of 42 U.S.C. § 407 should affect the result was an issue not raised in *Booker* and therefore not decided by the Court.

Since the Court issued its opinion in *Booker*, the Eighth Circuit Court of Appeals held in *Carpenter v. Ries* that based on that statute, Social Security benefits were not property of the estate. That statutory provision says:

(a) The right of any person to any future payment under this subchapter shall not be transferable or assignable, at law or in equity, and none of the monies paid or payable or rights existing under this subchapter shall be subject to execution, levy,

>   attachment, garnishment, or other legal process, or to the operation of any bankruptcy or insolvency law.
>
>   (b) No other provision of law, enacted before, on, or after April 20, 1983, may be construed to limit, supersede, or otherwise modify the provisions of this section except to the extent that it does so by express reference to this section.

The Eighth Circuit held in *Carpenter* that, notwithstanding the breadth of §541 and the absence of an exclusion in that statute for Social Security benefits, the clear provisions of § 407 excluded Social Security income from the bankruptcy estate. *Carpenter*, 640 F.3d at 936 ("We therefore hold, in accord with the BAP's decision, that § 407 operates as a complete bar to the forced inclusion of past and future Social Security proceeds in the bankruptcy estate.").

Not long after the decision in *Carpenter*, the Eighth Circuit Bankruptcy Appellate Panel considered the question whether a debtor's failure to contribute Social Security income to fund payments to creditors under a Chapter 13 plan constituted bad faith and prevented confirmation of the plan. In *Thompson*, the BAP held that the failure of the debtor to commit such income to the payment of claims under the plan was not, of itself, bad faith under § 1325(a)(3). The BAP cited *Carpenter* as partial support for its holding.

The United States Trustee argues that *Carpenter* is distinguishable and that § 407 does not compel reexamination of the Court's holding in *Booker*. The Court disagrees. Specifically, she argues that § 407 is merely an anti-assignment statute. A quick examination of the language of the statute, however, dispels this conclusion. The language is clearly much broader. While the initial portion of subsection (a) prohibits assignment, the latter part of that subsection makes clear that no monies paid or payable should be in any way "subject to the operation of any bankruptcy or insolvency law." The Court agrees with Debtors that denying them access to

4

Chapter 13 for failure to include Social Security income makes that income subject to the operation of a bankruptcy law, specifically § 707(b)(3).

The United States Trustee also argues that *Carpenter* bars only the forced inclusion of Social Security benefits. She argues that since this Court has no power to compel the Debtors to convert to Chapter 13 that no compulsion is involved. Once again, the Court believes that the United States Trustee has read *Carpenter* too narrowly. The language of the opinion is clearly much broader. Immediately after the statement of the holding quoted above, the Court states: "We conclude § 407 must be read as an exclusion provision, which automatically and completely excludes Social Security proceeds from the bankruptcy estate." *Carpenter*, 614 F.3d at 936. There have been few decisions on this question since *Booker*. One of them, however, cites *Carpenter* as support for the proposition that Social Security benefits should not be included in the § 707(b)(3) analysis. *See In re Suttice*, 487 B.R. 245, 252-53 (Bankr. C.D. Cal. 2013).

Citing *Booker*, the United States Trustee argues that Congress knew how to exclude Social Security benefits when it chose to do so and did not do so in the context of the totality of financial circumstances the Court must consider in ruling on a motion under § 707(b)(3). However, Congress also did not specifically exclude Social Security benefits from property of the estate under § 541 (although it specifically excluded certain other items). That did not prevent the Eighth Circuit in *Carpenter* from concluding that based on § 407, Social Security income was not property of the bankruptcy estate. This same observation responds to the United States Trustee's argument that sustaining the Debtors' position would render surplusage the specific exclusions contained in the definition of current monthly income.

Debtors argue that upon conversion they would not be required to use the Social Security income to fund payments to creditors. Social Security is specifically excluded from the

5

definition of current monthly income, the starting point for disposable income, and ultimately projected disposable income. In addition, as noted, based on *Thompson v. Fink*, no good faith challenge to the debtors' failure to commit such income to the payment of creditors could succeed. Citing *In re Riggs*, 495 B.R. 704 (Bankr. W.D. Va. 2013), which agreed with this Court's holding in *Booker*, the United States Trustee argues that the Court should not consider what would happen in a Chapter 13 case. The Court rejects this argument for several reasons. First, it is inconsistent with the United States Trustee's own position, both generally and in this case in particular. The motion is predicated upon the assumption that Debtors have the ability to pay 100% of the nonpriority unsecured debt pursuant to a Chapter 13 plan. Second, it is inconsistent with the law. This Court held in *Booker* that it should consider the net income debtor would have available to pay unsecured creditors in Chapter 13 in ruling on a motion under § 707(b)(3). *Booker*, 399 B.R. at 671. Other courts have held likewise. *Suttice*, 487 B.R. at 250. Finally, it is inconsistent with common sense. It would be a pointless act to force the Debtors to forego bankruptcy relief altogether or convert to Chapter 13 if the Chapter 13 plan would fail or not result in any payment to unsecured creditors. *Suttice*, 487 B.R. at 251 ("conversion to Chapter 13 would be a futile and wasteful result because the debtor's social security income is protected from compelled remittance to a Chapter 13 plan."). Presumably, the point of a motion to dismiss under § 707(b)(3) is to induce the debtors to convert to Chapter 13 and pay a portion of their unsecured debt. None of these Debtors' unsecured debt gets paid under either of the scenarios just noted.

      Finally, the United States Trustee cites *Riggs* in support of her position that *Booker* should be affirmed. As the Debtors point out, however, the holdings in *Riggs* is somewhat equivocal. The Court did not seem entirely comfortable with its conclusion, noting that Social

6

Security income is still somehow special even though it should be considered in the § 707(b)(3) analysis. *Riggs*, 495 B.R. at 716-17. In addition, as Debtors point out, the case is distinguishable because it involved a number of other factors, not present in this case, which clearly contributed to the court's decision to grant the motion to dismiss.

For all these reasons, the Court concludes that based on the decision of the Eighth Circuit Court of Appeals in *Carpenter v. Ries*, its holding in *Booker* is no longer good law. Accordingly, Social Security income should not be considered in assessing the totality of a debtor's financial circumstances when ruling on a motion to dismiss under § 707(b)(3)(B). Since this is the only basis for the United States Trustee's motion to dismiss, the motion is hereby denied.

Dated: February 28, 2014                    /s/Dennis R. Dow
                                            THE HONORABLE DENNIS R. DOW
                                            UNITED STATES BANKRUPTCY JUDGE